### SHIEELER et al. v. IRELAND et al.

(Supreme Court, Special Term, Suffolk County. February 17, 1913.)

INJUNCTION (§ 163*)—RESTRAINING PAYMENT OF MONEY—BOARD OF SUPERVISORS.

An application to continue pendente lite an injunction restraining a board of supervisors from paying out money on resolutions adopted by the board, which plaintiffs alleged authorized an illegal expenditure of public money, will be granted, where the supervisors individually file affidavits in which they do not deny the adoption of the resolutions, and state that they will not vote for the payment of any money under such resolutions during the pendency of the action, but they do not rescind the resolutions.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. § 163.*]

Action by Marion Shieeler and another against Edward S. Ireland and others. On application to continue an injunction pendente lite in a taxpayer's action. Application granted.

Selah B. Strong, of Brooklyn, for the motion.

Timothy M. Griffing, of Riverhead, opposed.

BENEDICT, J.　This is an application to continue, pendente lite, an injunction contained in an order to show cause, granted by Mr. Justice Jaycox, to restrain the board of supervisors of Suffolk county from paying the salary of clerk to the county judge and confidential clerk to the county judge of Suffolk county under two certain resolutions passed by the said board of supervisors, the one on December 30, 1907, and the other on January 20, 1913.

The action is a taxpayer's suit, alleging an illegal official act on the part of the defendants, which has resulted and will result in a waste of the public funds belonging to the taxpayers of the county. It is also charged that the resolution of January 20, 1913, providing for an allowance to the county judge of Suffolk county of the sum of $1,500 per annum as salary for a confidential clerk to the county judge is fraudulent, as being an attempt unlawfully and illegally to increase the salary of the county judge, and it is shown by affidavit that the newly elected county judge had certified to the state civil service commission the name of his wife as his appointee to the position of "confidential secretary" at a salary of $1,500, although in his affidavit in answer to this motion he denies that he has appointed any person as "confidential clerk."

The defendants do not, by their answering affidavits, deny the adoption of the resolutions in question by the board; but the several defendants, in brief separate affidavits in the same form, state that they will not vote for or consent to the payment of any sum of money out of the public moneys, either to the county judge on account of the salary of any clerk or confidential clerk, or to any clerk or confidential clerk of such county judge, during the pendency of the action. The board has not met, however, and rescinded these resolutions or either of them, since this action was begun; nor has it taken any joint action, so far as the papers show, to suspend the operation of the resolutions, or either of them, during the pendency of this action.

It is, of course, evident that *individual* action on the part of any or all of the members of the board, when not convened as a board, would be ineffectual to prevent payment of moneys under these resolutions, if the restraining order were vacated. But, be that as it may, if no further action be contemplated by any one of the members of the board, no member can object if their united action, comprising the entire board of supervisors, be restrained during the pendency of the action, because such restraint is only the judicial approval of their present separate attitude toward the matter, and if it shall finally be determined that the resolutions are invalid it will simplify matters and save expense if illegal payments shall not have been made under them.

In view of the facts shown by the motion papers, some of which are herein recited, I do not deem it necessary to discuss further the merits of the case. There is sufficient shown by the papers to warrant a continuance of the restraining order until the trial of the action.

Motion granted, with $10 costs. Settle order on notice.